UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHELINA JONES a/k/a LENA JONES,<br><br>                              Plaintiff,<br><br>-against-<br><br>ROSETTI HANDBAGS & ACCESSORIES, LTD.<br>f/k/a RH&A ACQUISITION CORP.,<br><br>                              Defendant. | Index No. 10 CV 4006 (WHP)<br><br>**ANSWER** |

Defendant Rosetti Handbags & Accessories, Ltd., formerly known as RH&A Acquisition Corp. ("Rosetti" or the "Company"), by and through its attorneys, hereby responds to the Complaint filed by Plaintiff Michelina Jones ("Jones" or "Plaintiff") in this action as follows:

## INTRODUCTION

1.     Rosetti admits that it previously employed Plaintiff and that Plaintiff purports to assert claims based upon Rosetti's failure to pay Plaintiff amounts allegedly owed.

2.     Rosetti denies the allegations in paragraph 2 of the Complaint.

## PARTIES

3.     Rosetti denies the allegations in paragraph 3 of the Complaint, and is without knowledge or information sufficient to form a belief as to Plaintiff's current residence, but admits that Plaintiff remained on the Rosetti payroll until September 30, 2009.

4.     Rosetti denies the allegations in paragraph 4, but admits that Rosetti is a Delaware corporation, registered to do business in the state of New York and that it is a subsidiary of LF USA Inc., which is affiliated with Li & Fung Limited, a company publicly traded on the Hong Kong Stock Exchange and that the Company sells handbags.

## JURISDICTION AND VENUE

5.  Rosetti admits that it is a Delaware corporation and maintains a principle place of business in New York, New York, but is otherwise without knowledge or information sufficient to form a belief as to the remaining allegations, and therefore denies those allegations.

6.  The allegations contained in paragraph 6 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is or may be required, Rosetti neither admits, nor denies the allegations in this paragraph, as it is without sufficient knowledge to form a belief as to the truth or falsely of same.

## FACTS COMMON TO ALL CAUSES OF ACTION

7.  Rosetti admits that in or around July 2006, RH&A Acquisition Corp. acquired certain assets of Rosetti Handbags and Accessories, Ltd. (assets that were acquired, "Old Rosetti") and thereafter the name of the Company was changed from RH&A Acquisition Corp. to Rosetti Handbags & Accessories, Ltd., and that Plaintiff served as president of the Company at certain times, but that the Company is without knowledge and information sufficient to form a belief as to Plaintiff's position at Old Rosetti and therefore denies those allegations.

8.  Rosetti admits that Jones was employed by RH&A Acquisition Corp. in or around July 2006 and that Jones remained on Rosetti's payroll through September 30, 2009, but is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 8 of the Complaint and therefore denies those allegations.

9.  Rosetti denies the allegations in paragraph 9 of the Complaint except admits that RH&A Acquisition provided Plaintiff with a letter, dated July __, 2006 ("July 2006 Letter"), which included the following: a base salary amount; a formula for determining sales commissions; and a provision stating that in the event Plaintiff's employment was terminated

prior to year-end, Plaintiff would receive a pro-rated portion of her commissions payable within 90 days of the end of the calendar year in which her employment terminated, and further admits that Plaintiff purports to attach the July 2006 Letter to the Complaint.

10. Rosetti denies the allegations in paragraph 10 of the Complaint, except admits that the July 2006 Letter states that the non-competition/non-solicitation provisions will expire upon the termination of Plaintiff's employment unless the Company elected to not extend such provisions for a six month period, in which case the Company would pay Plaintiff an amount equal to 50% of the compensation that Plaintiff received in the calendar year immediately preceding the year in which her employment terminated and Rosetti further admits that the Company elected to not extend such non-competition/non-solicitation provisions for the six month period.

11. Rosetti denies the allegations in paragraph 11 of the Complaint, except admits that the letter from Rosetti to Jones dated May 15, 2008 ("May 2008 Letter"), states that retroactive to January 1, 2008, Plaintiff would be eligible to receive a bonus based on the "Contribution" of the Rosetti business and that Plaintiff purports to attach the May 2008 Letter to the Complaint.

12. Rosetti denies the allegations in paragraph 12 of the Complaint, except admits that under the May 2008 Letter, any bonus to which Plaintiff would have been entitled would have been calculated pursuant to a formula.

13. Rosetti denies the allegations in paragraph 13 of the Complaint, but admits that the May 2008 Letter states that if Plaintiff's 2008 base salary and bonus, as calculated under the May 2008 Letter, was less than it would have been had her 2008 compensation been calculated under the July 2006 Letter, Plaintiff would be entitled to the shortfall.

14. Rosetti denies the allegations in paragraph 14 of the Complaint, but admits that Plaintiff ceased working for Rosetti at the end of May in 2009.

15. Rosetti denies the allegations in paragraph 15 of the Complaint, except admits that Rick Darling is President of LF USA Inc. and that Mr. Darling met with Plaintiff regarding her resignation and Plaintiff's failure to give six months notice of termination as required under the July 2006 Letter and that Plaintiff remained on Rosetti's payroll through September 30, 2009.

16. Rosetti denies the allegations in paragraph 16 of the Complaint, except admits that Plaintiff has demanded additional monies and that Rosetti has not paid Plaintiff any additional amounts.

### FIRST CLAIM FOR RELIEF

17. Rosetti incorporates by reference the responses contained in each of the preceding paragraphs as though fully set forth herein.

18. Rosetti denies the allegations of paragraph 18 of the Complaint, but admits that the July 2006 Letter and the May 2008 Letter set forth certain employment terms.

19. Rosetti denies the allegations of paragraph 19 of the Complaint, except admits that the July 2006 Letter states that Jones would be entitled to a commission based on sales criteria and a pro rated commission would be payable if Jones' employment terminated before the end of the fiscal year.

20. Rosetti denies the allegations of paragraph 20 of the Complaint.

21. Rosetti denies the allegations of paragraph 21 of the Complaint.

22. Rosetti denies the allegations of paragraph 22 of the Complaint.

## SECOND CLAIM FOR RELIEF
### (Quantum Meruit)

23. Rosetti incorporates by reference the responses contained in each of the preceding paragraphs as though fully set forth herein.

24. Rosetti denies the allegations of paragraph 24 of the Complaint.

25. Rosetti denies the allegations of paragraph 25 of the Complaint.

26. Rosetti denies the allegations of paragraph 26 of the Complaint, except denies information and belief sufficient to form a belief as to Plaintiff's expectations.

27. Rosetti denies the allegations of paragraph 27 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

28. Plaintiff's claim against Rosetti fails to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

29. Rosetti has not breached any agreement with Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

30. The commission terms of the July 2006 Letter were superceded in their entirety by the compensation terms of the May 2008 Letter and the May 2008 Letter does not provide for any pro-rata commission payments, nor does it provide for any other form of post-termination payment.

### FOURTH AFFIRMATIVE DEFENSE

31. The terms and conditions governing Plaintiff's employment relationship or the termination of such relationship, as set forth in the July 2006 Letter, the May 2008 Letter, or otherwise, terminated on or before September 30, 2009.

## FIFTH AFFIRMATIVE DEFENSE

32. No amounts are due to Plaintiff since she breached her obligations under the July 2006 Letter by failing to provide six months notice of termination.

## SIXTH AFFIRMATIVE DEFENSE

33. Plaintiff's claims are barred by the doctrines of laches, waiver and estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

34. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

## EIGHTH AFFIRMATIVE DEFENSE

35. Rosetti reserves the right to assert additional defenses.

## NINTH AFFIRMATIVE DEFENSE

36. This Answer is made without waiver of any jurisdictional defenses.

Dated: New York, New York
July 6, 2010

                                  SALANS

                                  By: _____
                                      John J. Hay

                                620 Fifth Avenue
                                New York, New York 10020
                                (212) 632-5500

                                Attorneys for Defendant
                                Rosetti Handbags & Accessories, Ltd.

TO: Evan M Newman
      Stahi & Zelmanovitz
      747 Third Avenue
      Suite 33B
      New York, NY 10017
      (212) 826-6363

NewYork 1358826.2